**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Rodney F. Williams,<br><br>       Petitioner,<br><br>v.<br><br>United States of America,<br><br>       Respondent. | Cr. No. 8:99-00699-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before this Court pursuant to Petitioner's "Motion to Modify Supervised Release."

## Background

On February 24, 2000, Petitioner Rodney Williams pled guilty to a violation of 21 U.S.C. § 846 and § 841(A)(1) (conspiracy to possess narcotics). On May 22, 2000, Petitioner was sentenced by the undersigned to 70 months imprisonment followed by five years of supervised release. Judgement was docketed as to the Petitioner on May 24, 2000. The Petitioner did not file an appeal. Petitioner filed the present motion seeking a modification (correction) of his supervised release on August 4, 2005.

## Analysis

The petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

1

1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Since the Petitioner is seeking to vacate, set aside or correct the sentence, the Court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. Such a construction may have serious implications for the Petitioner due to the procedural limitations on § 2255 petitions, and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the AEDPA was signed into law. That statute implemented a limitations period for filing habeas corpus petitions, which provides, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section.
> 
> The limitation period shall run from the latest of--
> 
> > (1) the date on which the judgment of conviction becomes final;
> > 
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

>prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(citations omitted). Section 2255 provides:

>[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
>>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant

> guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See also* 28 U.S.C. §§ 2244, 2253.

Since a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as § 2255 petition. *See United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). The Fourth Circuit requires that before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision, (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions discussed above, and (3) provide a reasonable opportunity to respond to the re-characterization. *Emmanuel* at 649.

In compliance with this directive, the undersigned is providing the petitioner *twenty (20) days* from the date this order is entered (plus three days for mail time pursuant to FRCP 6(e)) to inform, in writing, the Clerk's Office in Greenville if he does *not* wish the above-captioned matter to be treated as a § 2255 petition. If at the end of the period specified in this order, the Clerk's Office has not received a response from the petitioner, the above-captioned case will be treated as a § 2255 action and ruled on accordingly.

If Petitioner does file an objection to treatment of the motion under § 2255, the motion will be ruled upon as styled.  While objecting will preserve the right to file a subsequent § 2255 petition (subject to the procedural limitations discussed previously), the Petitioner is hereby advised that since the time for filing a notice of appeal in his case expired ten days after his sentence was imposed and since the time for correcting a sentencing error under Federal Rule of Criminal Procedure 35(a) expired seven days after his sentence was imposed, consideration of the motion as filed may prove fatal to the present request for judicial review.

IT IS THEREFORE ORDERED that the Petitioner has twenty days from the entry of this order to notify the Clerk of Court if he does not wish for his motion to be construed as a § 2255 petition.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August   26   , 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.