**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Rodney F. Williams, <br><br>　　　　　　　　Petitioner, <br><br>　　v. <br><br>United States of America, <br><br>　　　　　　　　Respondent. | Cr. No. 8:99-00699-GRA <br><br> **ORDER** <br> (Written Opinion) |

　　　　This matter is before this Court pursuant to Petitioner's "Objection to Treatment of Motion to Modify Supervised Release as a §2255 Motion."

<u>Background</u>

　　　　On February 24, 2000, Petitioner Rodney Williams pled guilty to a violation of 21 U.S.C. § 846 and § 841(A)(1) (conspiracy to possess narcotics). On May 22, 2000, Petitioner was sentenced by the undersigned to 70 months imprisonment followed by five years of supervised release. Judgment was docketed as to the Petitioner on May 24, 2000. The Petitioner did not file an appeal. Petitioner filed the present motion seeking a modification (correction) of his supervised release on August 4, 2005. This Court issued an Order pursuant to *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), filed August 26, 2005, notifying the Petitioner of the Court's intent to re-characterize the motion as a petition for habeas corpus relief under 28 U.S.C. §2255, and requesting Petitioner to file a response if he does not wish his motion to be so characterized. Petitioner filed a response on

September 14, 2005, asking the Court not to construe his motion as a §2255 petition, but rather to "adjudicate the motion as pursuant to its titled style and FED.R.CRIM.P. 32.1, 32.1(b), and 18 U.S.C. § 3583."

Analysis

The petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Criminal defendants who seek to challenge their sentences have three possible remedies: appeal, reduction of sentence based on post-sentencing modification of the relevant sentencing guidelines, or post-conviction relief. *United States v. Goines*, 357 F.3d 469, 476 (4th Cir. 2004). Since Petitioner did not pursue an appeal, the first avenue is not available to him. Petitioner has not alleged a change in the sentencing guidelines applicable to him, and, therefore, pursuant to 18 U.S.C. § 3582, the second avenue is not available to him. Finally, because Petitioner did not appeal and cannot obtain relief under § 3582, he would only be able to assert a claim for post-conviction relief through a motion pursuant to § 2255. However, Petitioner expressly requested that the Court not construe his claim as a § 2255 motion. Thus Petitioner has no avenue to bring this claim for modification of supervised release. Neither Federal Rule of Criminal Procedure 32.1(b),

nor 18 U.S.C. 3583 provide for a separate cause of action for the relief Petitioner seeks.

IT IS THEREFORE ORDERED that the Petitioner's "Motion to Modify Supervised Release" is DENIED.

IT IS SO ORDERED.

                                                                                                                                              *[signature]*

                                                         G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

September __19__ , 2005


### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.