UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rodney F. Williams,<br><br>       Petitioner,<br><br>v.<br><br>United States of America,<br><br>       Respondent. | Cr. No. 8:99-00699-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter is before this Court pursuant to Petitioner's Motion to Reconsider, filed October 3, 2005.

Background

On February 24, 2000, Petitioner Rodney Williams pled guilty to a violation of 21 U.S.C. § 846 and § 841(A)(1) (conspiracy to possess narcotics). On May 22, 2000, Petitioner was sentenced by the undersigned to 70 months imprisonment followed by five years of supervised release. Judgment was docketed as to the Petitioner on May 24, 2000. The Petitioner did not file an appeal. Petitioner filed a motion seeking a modification (correction) of his supervised release on August 4, 2005. This Court issued an Order pursuant to *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), filed August 26, 2005, notifying the Petitioner of the Court's intent to re-characterize the motion as a petition for habeas corpus relief under 28 U.S.C. § 2255, and requesting Petitioner to file a response if he did not wish his motion to be so characterized. Petitioner filed a response on September

1

14, 2005, asking the Court not to construe his motion as a Section 2255 petition, but rather to "adjudicate the motion as pursuant to its titled style and FED.R.CRIM.P. 32.1, 32.1(b), and 18 U.S.C. § 3583." Because Petitioner expressly requested that this Court not construe his claim as a Section 2255 motion, Petitioner was left with no avenue to bring his claim for modification of supervised release: neither Federal Rule of Criminal Procedure 32.1(b), nor 18 U.S.C. § 3583 provide for a separate cause of action for the relief Petitioner was seeking. Therefore, by Order filed September 19, 2005, this Court denied Petitioner's motion. Petitioner then filed the present motion to reconsider on October 3, 2005.

## Analysis

The petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

As stated in the Court's previous Order, neither Federal Rule of Criminal Procedure 32.1(b), nor 18 U.S.C. § 3583 provide for a separate cause of action to modify Petitioner's sentence. Petitioner can only pursue his claim pursuant to a petition for habeas corpus relief under 28 U.S.C. § 2255. Therefore, Petitioner's

motion is without merit.

IT IS THEREFORE ORDERED that the Petitioner's Motion to Reconsider is DENIED without prejudice to Petitioner's right to file a Section 2255 action in this judicial district.[1]

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October   4  , 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

---

[1] This order does *not* extend the time for Petitioner to file a timely Section 2255 petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).